KAVANAGH v. VOLLMER.

(Supreme Court, Appellate Term.  November 6, 1903.)

1. MASTER'S LIABILITY FOR SERVANT'S ACT—ICE ON SIDEWALK.

The sweeping of defendant's sidewalk by his servant being one of his duties, and he having used water in doing so, though without being directed to use it, defendant is chargeable with the servant's use thereof, so as to be liable to plaintiff, who slipped on the ice formed thereby.

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Nora Kavanagh against Gertrude Vollmer.  From a judgment for plaintiff, defendant appeals.  Affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

Herbert J. Hindes, for appellant.

Henry Wendt, for respondent.

BISCHOFF, J. The plaintiff was injured through a fall upon the sidewalk, due to the presence of ice formed through the use of water, by the defendant's servant when cleaning the sidewalk opposite defendant's premises, and it is conceded that the judgment is correct if upon the evidence the defendant is to be held chargeable for the servant's use of water upon the sidewalk. The proof discloses that sweeping the sidewalk was among the duties of this servant, and therefore the question whether or not the law imposed a duty upon the owner of the premises to have this work performed is immaterial. It suffices that this was a duty of the servant, and, whether imposed by the employer from personal taste or for some other reason, the obligation arising from the relation of master and servant remained the same. While the defendant did not direct the use of water, the servant made use of it, not in the course of a departure from her duties, but simply because she saw other servants do the same thing and to facilitate the cleaning. Her general duty being to sweep, and the object of sweeping being to clean, the use of water for that object, and concededly to no other end, was within the scope of the employment, under well-settled rules. P. Cox Shoe Mfg. Co. v. Gorsline, 63 App. Div. 517, 71 N. Y. Supp. 619, and cases cited.

Judgment affirmed, with costs. All concur.